**1296 ZONING ORDINANCES.**
Cincinnati (City) v. Wegehoft, OS. 6 Abs. 387.

---

### CANAN v. HEFFEY.

Ohio Appeals, 4th Dist., Hocking Co.

Wooley & Rowland, Athens, for Canan.

H. E. Sparnon, Logan, for Heffey.

**419. DOWER—997 Real Estate—475 Estoppel —755 Mechanics' Liens—787 Mortgages— 953a Priority.**

1. In action to foreclose mechanic's lien, in which mortgages intervened, wife held entitled to dower out of proceeds of sale.

2. Wife not estopped to claim dower rights because she remained silent, when she had no duty to speak.

3. Wife dowable only in surplus after purchase money mortgage has been paid.

4. Where marriage has been effected after conditions of mortgage broken, wife dowable only in surplus arising after foreclosure sale.

5. Where mortgage executed after marriage and wife's dower pledged as security for husband's debt, wife entitled to have dower calculated on basis of whole value of property as regards to such mortgage.

6. Where marriage is effected after execution of mortgage and before condition is broken, wife is entitled out of surplus, to value of dower calculated on entire proceeds of sale, unless mortgage was for purchase money.

MAUCK, J.

1. In action to foreclose mechanic's lien, in which mortgagees intervened, and their claims were found superior to dower estate, and sale pursuant thereto was required to be made free of dower estate, so that wife was divested of her dower by sale, it was duty of court to ascertain value thereof and pay same out of proceeds of sale.

2. Wife was not estopped to claim that her dower rights were superior to rights of plaintiff in suit to foreclose mechanic's lien for placing improvement on property under contract with husband, because she stood by while plaintiff was placing improvement on property, since she had no duty to speak.

3. Estoppel cannot be predicated on one's silence, where he has no duty to speak.

4. Where husband executes purchase-money mortgage, wife is dowable only in surplus arising after purchase money has been paid.

5. Where marriage of parties has been effected after husband has mortgaged his property and after conditions of mortgage have been broken, wife is dowable only in surplus arising after foreclosure sale.

6. Where mortgage was executed after marriage of parties and wife's dower was pledged as security for husband's debt, wife was entitled to have her dower calculated on basis of whole value of property as regards such mortgage.

7. Where the owner of property mortgages the same, and thereafter marries before the condition of the mortgage is broken, and the property is subsequently sold on foreclosure, the wife is entitled, out of the surplus, to the value of her inchoate dower, calculated on the entire proceeds of sale, unless the mortgage was for purchase money.

(Middleton, J., concurs. Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.